ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS ET AL.
v. J. M. RIDDLE.

Decided January 12, 1911.

**1.—Pleading—Damages.**

A pleading that various articles alleged to have been damaged in transportation were worth the several amounts stated after each could not be taken as asserting that they were damaged in such amount, and, without more, could support only a recovery for nominal damages.

**2.—Remittitur.**

The pleading supporting only nominal damages beyond a certain amount, which the recovery exceeded, appellees may be permitted to have the judgment affirmed for such sum as was recoverable under their allegations, on remitting the remainder of their judgment.

Appeal from the County Court of Titus County.   Tried below before Hon. W. E. Riddle.

*E. B. Perkins, D. Upthegrove,* and *Glass, Estes & King,* for appellants.

*Rolston & Ward,* for appellee.

WILLSON, CHIEF JUSTICE.—The appeal is from a judgment for the sum of $335.60 in favor of appellee, the plaintiff below, against appellants, the St. Louis Southwestern Railway Company of Texas and the St. Louis Southwestern Railway Company, the defendants below.

The suit was to recover the value of certain household goods shipped over appellants' lines of railway from Mt. Pleasant, Texas, to Dexter, Missouri, alleged to have been lost in transit, and damages on account of other household goods constituting a part of the shipment, alleged to have been injured.   The allegations in the petition with reference to the goods claimed to have been injured were as follows:

"Plaintiff further avers that the annexed account hereto attached and marked exhibit 'D' and made a part of this petition contains the goods that were damaged by the defendants while in their custody and being transported from Mt. Pleasant, Texas, to Dexter, Missouri. . . . Plaintiff further avers that each and every item stipulated and set out in exhibit 'D' is of the reasonable cash market value at Dexter, Missouri, and worth the amount therein charged."   The exhibit referred to was

as follows: "Exhibit 'D.' Goods damaged in transit, 3 feather beds, $12; 13 bed quilts damaged, $26; 3 pictures damaged, $1; 1 bureau damaged, $3; 1 cook safe, $2; 1 table damaged, $2." An exception to the portion of the petition referred to, on the ground that it failed to allege "the value of the goods alleged to have been damaged, and also fails to allege their value as received at destination," was overruled by the trial court, and his action in this respect is assigned as error. The pleader may have meant to be understood as averring that the damages he had suffered because of injury to the goods specified in the exhibit were the sums specified therein; but what he actually averred was that the goods were worth on the market at Dexter the sums so specified. If by this he meant that the goods in their alleged injured condition were worth the sums specified, he failed to show that he had suffered more than nominal damages, because he did not also allege their value in the condition they were in when shipped. If he meant that the goods, in the condition they were in when shipped were worth the sums specified, he failed to show that he had suffered more than nominal damages, because he did not also allege their value in the condition they were in when they reached Dexter. So it appears that, on the allegations in his petition, appellee was not entitled to recover other than nominal damages because of injury to the goods described in the exhibit. While this was not a reason why the exception referred to should have been sustained, it is a reason why the judgment rendered should be set aside, for it is clear that it is for other than nominal damages on account of injury to the goods. The allegations in the petition authorized a recovery by appellee, on proof thereof, of a sum not exceeding $216.55 on account of goods lost. This sum with interest thereon amounting to the sum of $29.22, making together the sum of $245.77, was the most appellee was entitled to recover on account of the goods lost. The judgment in his favor was for the sum of $335.60. The difference of $89.83 between the maximum amount he was entitled to recover on his pleadings and the amount he did recover, can not be referred to his right to recover nominal damages on account of injury to goods. Therefore the judgment, in so far as it was for this difference, was without pleadings to support it, and hence is fundamentally erroneous. Appellee has filed in this court a remittitur of $39.11, but this, of course, does not cure the error. As, however, but for this error, the judgment could be affirmed, the remanding of the cause for a new trial may be avoided if appellee sees proper within twenty days from this date to file with the clerk of this court a remittitur of said sum of $89.83, in which event the judgment will be reformed and affirmed for the sum of $245.77. If such a remittitur is not so filed, the judgment will stand reversed and the cause will be remanded for a new trial. Whether a remittitur is filed as suggested or not, the costs of this appeal will be adjudged against appellee.

*Reformed and affirmed on remittitur.*